[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RECEIVED
JUN -5 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT



Vernita Halsell Powell )
)
_____ )
)
_____ )  CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. )
) 1:17-cv-04235
_____ ) Judge Manish S. Shah
Office of the Chief Judge of the Circuit Court ) Magistrate Judge Mary M. Rowland
)
of Cook County, Timothy Evans, Marilyn )
)
Filishio & Jeanine LaMantia-Potter )
(Name of the defendant or defendants) )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is  Vernita Halsell Powell  of the county of  Cook  in the state of  Illinois .

3. The defendant is  Office of the Chief Judge of the Circuit Court, Marilyn Filisho, et al , whose street address is  50 West Washington, Richard J. Daley Center, Room 2600, 69 W. Washington, 9th Fl.
(city) Chicago (county) Cook (state) Illinois (ZIP) 60602
(Defendant's telephone number) ( 312 ) – 603-6000; (312) 603-8509

4. The plaintiff sought employment or was employed by the defendant at (street address)
   2650 South California  (city) Chicago
   (county) Cook (state) IL (ZIP code) 60608

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]
   (a) ☐ was denied employment by the defendant.
   (b) ☒ was hired and is still employed by the defendant.
   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) September , (day) 1 16 , (year) 2017 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about
       (month) February (day) 28 (year) 2017 .

   (ii) ☒ the Illinois Department of Human Rights, on or about
        (month) March (day) 25 (year) 2017 .

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____ (day) _____ (year) _____.

(c) Attached is a copy of the

   (i) Complaint of Employment Discrimination,

   ☐ YES   ☐ NO, but a copy will be filed within 14 days.

   (ii) Final Agency Decision

   ☐ YES   ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

   (b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____March_____ (day)_10_____ (year)_____2017__ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐ Age (Age Discrimination Employment Act).

   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ failed to stop harassment;

    (g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☒ other (specify): Singled me out as an African American by conducting a campaign of racial harassment

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

by encouraging and lending credence to false statements of an employee, Regina Clemmer, which led to my permanent transfer from the division, which in turn led to a substantial loss in income and my ability to earn future income.

Accepted as true false statements claiming I engaged in making racial statements. Accepted as true that I tried to influence the outcome of a union steward election.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I was transferred pending an investigation with no notice of what I was being accused of.

I was not told I could bring witnesses to the pre-disciplinary hearing; but when the decision was made, I was told I did not bring forth witnesses.

I have never been disciplined before, but when I categorically denied what I was accused of, I was not believed.

The woman, Regina Clemmer, who made the claims has been having disputes with numerous people in the office, but no one had been removed from the office before this incident. Regina Clemmer, after I was removed has been harassing an employee at the work location and nothing has been done, even though management is fully aware of it. The employee has sought an order of protection against Regina Clemmer since management has not acted.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ Direct the defendant to (specify): return plaintiff to her work location,

direct defendant to cease and desist any and all discrimination, harassment and/or retaliation against

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

plaintiff. Direct defendant to remove Regina Clemmer from the work location as a result of her actions.

(g) [x] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [x] Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
*Vernita Halsell-Powell*

(Plaintiff's name)

Vernita Halsell Powell

(Plaintiff's street address)

8325 South Peoria Street

(City) Chicago (State) IL (ZIP) 60620

(Plaintiff's telephone number) (773) – 852-8520

Date: June 5, 2017

6

Complaint of Employment Discrimination – Additional Information

13. Plaintiff was never informed by management before being removed from her work location that Regina Clemmer was accusing plaintiff of racial harassment.

Plaintiff was never given the opportunity to correct alleged behavior before being removed from the location.

Plaintiff was never informed who the said co-workers were who were accusing her of said behavior.

Defendant alleged plaintiff committed acts (not trading schedules with white employees) which is not a job requirement.

Defendant has not penalized any other employee for not trading schedules in the past.

Defendant accused plaintiff of trying to influence the outcome of a union steward election. While defendant accused plaintiff of telling another black employee to drop out of the race, plaintiff contends that even if said employee dropped out of the race, the racial make-up of the office would still have necessitated white employees voting for a black candidate for that candidate to win.

Plaintiff contends the racial make-up of the office at the time plaintiff was employed there was majority white, 43 total employees, 14 African American, 29 White.

Plaintiff contends immediately after her "temporary" removal from her work location, defendant posted for open position. Plaintiff contends defendant wished her and other African American co-workers out of the office to replace her with white employees.

Plaintiff contends Defendant did exactly that and that every position filled in that work location has been filled by white employees.

Plaintiff contends that Defendant used the false statements of a co-worker as a pre-text to remove African American employees from the work location to replace them with white employees.

Plaintiff contends the work location consists of approximately 10 African American employees and 33 white employees.

Defendant accused plaintiff and her African American friends at work as being in a "pack" as if we were animals.

Defendant never accused the white employees who had a specific group of friends as being a

1 "pack".

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Vernita Halsell-Powell<br>8325 South Peoria<br>Chicago, IL 60620 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-02318 | Robert Shelton,<br>Investigator | (312) 869-8078 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*        3/7/17

Julianne Bowman,      (Date Mailed)
**District Director**

Enclosures(s)

cc:    **Chief Executive Officer<br>STATE OF ILLINOIS<br>Official Court Reporter's Office<br>2650 South California<br>Chicago, IL 60608**